**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| **LEONARD GAMBLE, JR.,** | ) | **CASE NO.: 25-10823-AMC** |
| | ) | **CHAPTER 13** |
| **DEBTOR.** | ) | **JUDGE ASHELY M. CHAN** |
| | ) | |
| **SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES,** | ) ) | |
| | ) | |
| **CREDITOR.** | ) | |
| | ) | |
| **LEONARD GAMBLE, JR., DEBTOR,** | ) | |
| **FATIMA GAMBLE, CO-DEBTOR,** | ) | |
| **AND KENNETH E. WEST, TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

_____

**<ins>STIPULATION</ins>**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is Servis One, Inc. d/b/a/ BSI Financial Services (hereinafter "Movant").

2. Leonard Gamble, Jr. ("Debtor") is the owner of the property described as 1253 East Mount Pleasant Avenue, Philadelphia, PA 19150 (hereinafter the "Property").

3. On September 30, 2025, Movant filed a Motion for Relief in this case and Debtor filed a Response on October 6, 2025.

4. As of December 1, 2025, the post-petition arrearage on the mortgage held by Movant on the Property is **$8,034.10,** which breaks down as follows:

   <ins>Post-Petition Payments:</ins>  $1,298.51 for the months of August 1, 2025 through December 1, 2025, totaling $6,492.55
   <ins>Fees & Costs:</ins> $1,549.00 ($1,350 fees and $199.00 costs)
   <ins>Suspense Balance:</ins> $7.45
   **Total Post-Petition Arrears with fees and costs: $8,034.10**

5. Debtor and Movant shall resolve this Motion in the following manner:

a. Debtors will file a Motion to Modify Plan to include the remaining post-petition arrears and fees totaling **$8,034.10**.

b. Beginning with the January 2026 payment and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,298.51 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

c. Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,034.10** along with the pre-petition arrears.

d. The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

6. Beginning January 1, 2026, Debtor shall resume timely remittance of the regular monthly mortgage payments. Payments should be sent to the below address:

**BSI Financial Services**
**314 S. Franklin St., P.O. Box 517**
**Titusville, PA 16354**

7. In the event the payments above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor's attorney of the default in writing and Debtor may cure said default within TWENTY (20) days of the date of said notice.  If Debtor should fail to cure the default within TWENTY (20) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The provisions of this stipulation are without prejudice to any of our rights and remedies available to the Trustee.

12. The parties agree that an electronic signature shall be considered an original signature.


Date: 1/13/26             By:     /s/ Joshua I. Goldman
                                  Joshua I, Goldman, Esquire
                                  Attorney for Movant

Date: 1/13/26             By:     /s/ Brad J. Sadek *(w/ permission)*
                                  Brad J. Sadek, Esquire
                                  Attorney for Debtor

Date: 1/13/26             By:     /s/ Jack Miller *(w/ permission)* for
                                  Kenneth E. West
                                  Chapter 13 Trustee